Tilghman, C. J. —
This is an action of debt, brought on the official bond of John Owings, a constable, in the. name tbe Commonwealth, for the use of James Lindsay, against Owine-s and his securities. There is but a single . ft-,,, ... . ° question, and that is, whether the action is barred, as re~ sPects -the securities, not having been brought within five years from the date of the bond.- The Act of the 20th of March, 1810, under which this bond was taken, directs, that constablcsb who do n,o£ possess a freehold estate, in their own right, of the value of one thousand dollars, clear of all incumbrances, shall be.bound in an obligation to that amount, witb at least one sufficielit surety, to be approved of by the *531 Court of Quarter Sessions, to be taken in the name of the Commonwealth, for the just and faithful discharge of their offices ; and the.said obligation shall be held in trust for the use and benefit of all persons who may sustain injury from them in their official capacity, by reason of neglect of duty, and for the like purposes and. uses as Sheriffs'1 bonds are usually given. By turning to the Act of the 28th of March, 1803, “ directing Sheriffs and Coroners to give sufficient sureties for the faithful execution of their official duties,” See., we shall find, that Sheriffs were to give bond and enter into a recognisance, which might be put in suit for the use of the Commonwealth or any individual who should be aggrieved by their misconduct; provided that no suit shall be sustained against the sureties, their heirs, executors, or administrators, unless the same shall be instituted within five years from the date of the obligation or recognisance. The counsel for the defendants contend, that the limitation of five years is extended to bonds given by constables. The Act respecting constables has‘no limitation of. action, nor has it any reference to- Sheriffs’ bonds, except where it says, that constables’ bonds shall be held for the like purposes and uses as Sheriffs’ bonds. The purposes and uses of Sheriffs’ bonds are, to afford a remedy to the Commonwealth, or any individual, who may be injured by the official misconduct of Sheriffs. In that respect, the bonds of constables are placed on the same footing. But the purposes and uses of Sheriffs’ bonds are quite distinct from the limitation of actions to. be brought on thgm; and it by no means follows, that because constables’ bonds are to be for the same purposes and uses as Sheriffs’ bonds, they are to be subject to the same limitation of action. The security to be given by Sheriffs, is very different from that of constables. Sheriffs are to give security to a much greater amount. They are are not only to give bond, but to enter into a recognisance ; .and this recognisance binds the real estate of the Sheriff, and his sureties, in every county of the State. But constables enter into no recognisance. If there were no time of limitation of suits on constables’bonds, there might he some ground for,the argument, that it was intended to place them on the same footing with Shtriffs’ bonds. But that is 'not the case. For it *532 is provided, by the Act of the 4th of April, 1798, that no suit shall be maintained on any bonds or recognisances, which shall-be given, or entered into, by any person or per-» sons, as sureties for any public officer, from and after the expiration of the term of seven years, to be computed from the time at which the cause of action shall have accrued. This act includes constables, and therefore there is no reason for straining the Act concerning constables’ bonds, for the purpose of introducing the limitation prescribed for suits on Sheriffs’ bonds. If it be asked why there should be any difference between the two, it may be answered that there is good reason for it. It is of very great importance, that Sheriffs should give good security to a large amount j and accordingly, the law has fixed the amount,-which is very considerable. Now, it would discourage men of property from becoming sureties, if they were to remain liable, for a great length of time, for the conduct of an officer, to whose actions they could not be privy, and in case of whose death, they might be involved in great difficulty, for want of evidence. And moreover, the inconvenience of the lien upon their whole real estate is very great, even though there were no danger of loss from the Sheriff’s misconduct. For no prudent man would purchase an estate liable to such an incumbrance ; so that it prevents a sale of any part of the estate., It was politic, therefore, to fix a time of limitation, as short as was consistent with justice to the public and those individuals who might be injured by the Sheriff’s misconduct. The period of five years was long enough for the convenience of all persons who did not neglect their business, and short enough for the encouragement of those who were disposed to become sureties. But the hazard and inconvenience on constables’ bonds being much less, it might be supposed, that the sureties would be well enough satisfied with a limitation of seven years from the time the cause of .action should accrue. Upon the whole, then, inasmuch as the limitation oí -actions against the sureties in constables’ bonds, is fixed at seven years from the time the cause of anion- accrues, by the Act of the 4th of' April, 1798, and there is no other Act which prescribes any other limitation, either expressly or by reasonable implication, I am of opi *533 nion, that this action was commenced in good time, and therefore the judgment should be affirmed.
Judgment affirmed.